**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

LaShena Harris,

        Plaintiff,

v.

IDEMIA Identity & Security USA LLC,

        Defendant.

No. CV-25-00621-PHX-JJT

**ORDER**

*Pro se* Plaintiff LaShena Harris moves the Court for leave to file an amended pleading (Doc. 42, Mot.). She originally sued Defendant for employment discrimination on the basis of race and disability under Title VII and Americans with Disabilities Act. (*See* Doc. 1.) Pursuant to Federal Rule of Civil Procedure 15, Plaintiff now seeks to add a claim for race discrimination under 42 U.S.C. § 1981. (Mot. at 1–2.) Plaintiff argues that she was without the benefit of counsel and had not identified this claim until now, and adding this claim would not introduce new facts or require additional discovery that would delay these proceedings or prejudice Defendant. (Mot. at 3–5.)

As Defendant recognizes in its response (Doc. 46, Resp.), Plaintiff's motion comes six months after this Court's deadline for amendments elapsed, so Rule 16, not Rule 15, is the proper vehicle for Plaintiff's request. When, as here, a party seeks to amend a pleading after the deadline set in a Scheduling Order, Rule 16 dictates that "[a] schedule may be modified only for good cause and with the judge's consent." Thus, once a deadline for amended pleadings passed, the Court may consider whether amendment would be proper

under Rule 15 only after a party has shown good cause under Rule 16. Under the Rule 16 "good cause" standard, "[t]he district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson v. Mammoth Rec., Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (internal quotation omitted). And "[a]lthough the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Id.*

Defendant argues that Plaintiff was not diligent in seeking a modification to the Scheduling Order and "[t]he fact that Plaintiff is pro se does not excuse Plaintiff's lack of diligence." (Resp. at 9.) In reply, Plaintiff contends that she filed her motion as soon as she discovered that § 1981 "provides a parallel avenue for her race discrimination claims without the statutory damages cap that Defendant has repeatedly invoked as a shield. Upon learning this, Plaintiff acted promptly. That is diligence." (Doc. 47, Reply, at 1–2.)

That is not diligence. Whether proceeding *pro se* or not, the burden to prosecute Plaintiff's case properly is on Plaintiff alone. *See Johnson.*, 975 F.2d at 610. That burden includes conducting timely legal research on the universe of her own claims based on facts that have not changed during this litigation.[1] The fact that Plaintiff, as a *pro se* litigant, "was genuinely unaware that Section 1981 existed as a separate and distinct legal vehicle for her race discrimination claims" (Reply at 3), may well mean that she does not act in bad faith when she moved untimely to amend her pleading, but it does not mean she exercised diligence.

Plaintiff has known since July 21, 2025 that Defendant contested Plaintiff's damages on the account of Title VII's statutory cap when Defendant answered as much (Doc. 18 ¶ 13), and has known since September 4, 2025 that the time she had to amend her pleading was limited when the Court entered its Scheduling Order (Doc. 22). In other words, Plaintiff had sufficient time to assess the limits of her Title VII claim and investigate

---

[1] Plaintiff argues that Defendant's counsel should have alerted her that § 1981 was an alternative remedy, and its failure to do so delayed Plaintiff's discovery of that viable claim. (Reply at 3–4.) But that is not the way this works. Defendant's counsel has **no obligation** to give Plaintiff legal advice about her claims or any other aspect of litigation.

other avenues to pursue the full scope of her alleged damages, but she waited until two months before the close of all discovery to do so. This precludes any finding of diligence. *Johnson*, 975 F.2d at 610 (finding lack of diligence when the movant knew of the facts giving rise to the amendment but moved four months after the deadline to amend had passed).

**IT IS ORDERED** denying Plaintiff's Motion for Leave to File First Amended Complaint (Doc. 42).

Dated this 26th day of June, 2026.

_____
Honorable John J. Tuchi
United States District Judge