**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

LaShena Harris,

Plaintiff,

v.

IDEMIA Identity & Security USA LLC,

Defendant.

No. CV-25-00621-PHX-JJT

**ORDER**

Before the Court is *pro se* Plaintiff LaShena Harris's Motion to Amend the Rule 16 Scheduling Order (Second Request) (Doc. 54, Mot.), to which Defendant responded (Doc. 57, Resp.), and Plaintiff replied (Doc. 60, Reply). Plaintiff filed her Motion less than two months before the deadline to complete fact discovery closed and less than three months before the deadline for dispositive motions, seeking an extension of those two deadlines by forty-five days. (Mot.; *see* Doc. 38 (Amended Scheduling Order).) As of the date of this Order, the deadline for fact discovery (and all discovery, for that matter) has expired. The deadline to file dispositive motions remains open for several more weeks.

Under the Rule 16 "good cause" standard, "[t]he district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson v. Mammoth Rec., Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (internal quotation omitted). And "[a]lthough the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Id.* If the party

seeking amendment cannot show diligence, the inquiry ends there. *Cano v. Schriro*, 236 F.R.D. 437, 439 (D. Ariz. 2006).

Here, Plaintiff contends that good cause exists for two reasons. First, Plaintiff received Defendant's discovery responses on June 11, 2026 that contained "refusals" and objections. Plaintiff sent a demand letter to Defendant on June 15, 2026, and a week later Defendant confirmed that it stood on its objections. According to Plaintiff, "[t]hese disputes remain unresolved" and briefing on a motion to compel could not be completed before discovery closed. Second, Plaintiff reports that Defendant disclosed two witnesses on May 14, 2026, causing her to propound a second set of interrogatories regarding those witnesses twenty-one days later. Due to this timing, Defendant's responses would have come due the day after Plaintiff sat for her deposition on July 6, 2026. (Mot. at 2–4.)

Plaintiff does not suggest that any of Defendant's discovery responses or disclosures were untimely under the case management schedule or rules governing discovery. Her main complaint is that she did not have sufficient time to file a motion to compel or complete discovery of Defendant's disclosure before the July 6th deposition. On this point, Defendant responds that any timing complications were Plaintiff's own making, and on this record the Court agrees. Discovery opened on September 4, 2025 (Doc. 22). And still, Plaintiff issued her discovery on April 9, 2026, agreed to extend the response deadline knowing it would fall on June 11th, and issued additional sets of discovery on June 4th and July 8th, all while knowing that the deadline for fact discovery was approaching. In any event, Plaintiff's desire to review Defendant's discovery responses or conduct discovery of their disclosure before the July 6th deposition is of no consequence because she was *sitting* for that deposition, not taking it.

If Plaintiff seeks more time so she can file a motion to compel, she had available to her this Court's procedure to raise a joint discovery dispute that, by design, obviated the need for such a motion. Plaintiff was familiar with this procedure having been a part of three joint discovery disputes herself. (*See* Docs. 25, 34, 49.) Plaintiff had plenty of time to initiate that process—at least since June 11th—but has not.

Finally, to the extent Plaintiff suggests that more time is necessary to conduct discovery about the two witnesses Defendant disclosed on May 14, 2026, she had sufficient time to do so. Instead, she delayed issuing discovery requests for twenty-one days for reasons unknown to the Court. And while Defendant later confirmed in its July 7th discovery responses that one of those witnesses held a position of decision-making authority during the relevant time period, Plaintiff already knew that witness had information relevant to her claims—having disclosed that witness herself in her initial disclosed on September 17, 2025 (Resp. at 2; Reply at 3)—and had almost an entire year to discover that information herself through the discovery tools available to her. Whatever consequences resulted from delaying her own discovery efforts is attributable to Plaintiff only. Plaintiff fails to show that she has been diligent. *See Romero v. Los Angeles Cnty.*, No. 2:21-CV-03972-SPG-JEM, 2023 WL 6193034, at *8 (C.D. Cal. Mar. 6, 2023) ("[D]iligence . . . is not established where delay in the 'discovery' of new facts was caused by a party's failure to promptly conduct discovery.") (collecting cases).

**IT IS ORDERED** denying Plaintiff's Motion to Amend the Rule 16 Scheduling Order (Second Request) (Doc. 54).

Dated this 21st day of August, 2026.

Honorable John J. Tuchi
United States District Judge